AO 91 (Rev. 08/09) Criminal Complaint                                    AUSA CARMEN M. LINEBERGER

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 17-006-FJL |
| RALPH ROBERT JAMES SERGO | ) | |
| | ) | |
| | ) | |
| Defendant(s) | | |

FILED by _____ D.C.

JAN 18 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   Oct. 11, 2016 & Jan. 17, 2017   in the county of   St. Lucie   in the

___Southern___ District of   Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 952 & 963<br>21 U.S.C. Section 841(a)(1) and<br>21 U.S.C. Section 846<br>18 U.S.C. Section 924(c) | Attempted Importation and Attempted Distribution of Lysergic Acid Diethylamide, also known as "LSD", a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 952, 841(a)(1), 846;<br><br>Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c). |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

HSI SA James Macek
Printed name and title

Sworn to before me and signed in my presence.

Date: 1/18/2017

_____
Judge's signature

City and state:          Fort Pierce, Florida          Frank J. Lynch, Jr., Chief U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT OF
JAMES E. MACEK, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS**

I, James E. Macek, a Special Agent of the Department of Homeland Security, Homeland Security Investigations, being duly sworn state as follows:

1) I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I have been employed with the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) as a Special Agent for approximately nine (9) years. As a Special Agent, I am responsible for investigations of offenses under Titles 8, 18, and 21 of the United States Code, including violations of Title 21, United States Code, Section 952 and Title 21, United States Code, Section 841(a)(1).

2) During my experience in law enforcement, I have participated in numerous drug investigations as a case agent or in a subsidiary role. I have debriefed defendants, informants, and witnesses who had personal knowledge regarding major narcotics trafficking organizations. Additionally, I have participated in many aspects of drug investigations including wiretaps, undercover operations, conducting surveillance, and arrests. I am familiar with drug traffickers' methods of operation, including the distribution, storage, obtaining and transportation of illegal drugs, and the collection of money, proceeds of drug trafficking and methods of money laundering used to conceal the nature of the proceeds. I am familiar with the ways in which drug traffickers conduct their business, including methods of importing and distributing illegal drugs, money laundering, the use of cellular telephones and the internet to facilitate their illegal acts, and the use of numerical codes and code words to conduct drug transactions. I am also aware that the research, negotiation, purchase, and importation arrangements of narcotics are often conducted using internet and email communications with individuals in the Netherlands and

1

other foreign countries. Often, those communications are maintained in electronic format, or printed as hardcopy, in notes, and/or ledgers.

3) I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from other law enforcement officers who have investigated this matter, or other individuals who have personal knowledge of the facts herein. Although I am familiar with the full breadth of the facts and circumstances of this investigation, this affidavit does not contain all the information known regarding this investigation, but rather those facts necessary to establish the requisite probable cause to believe that RALPH ROBERT JAMES SERGO has committed the crimes of Attempted Importation and Attempted Distribution of Lysergic Acid Diethylamide, also known as "LSD", a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 952, 963, 841(a)(1), 846; and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c).

## BACKGROUND OF THE INVESTIGATION

4) On August 24, 2016, law enforcement conducted a surveillance of 2447 SE Pascal Avenue Port Saint Lucie, Florida, after receiving information that a resident, Ralph SERGO, was manufacturing and distributing Lysergic Acid Diethylamide (LSD) at the residence. During the surveillance SERGO was observed and identified coming from the residence, checking the mailbox, retrieving the mail from the mail box and returning to the residence.

5) On August 24, 2016, law enforcement also conducted an inspection of the trash, which had been placed at the roadside for trash collection. Inspection of the trash revealed several papers with tabs indicating weights, and quantities of "hits" and "tabs" of "GoT" and "GDF". Through my narcotics training and experience, I believe these to be references to quantities and

2

weights of narcotics, and I know that the term "GDF" is actively being used by LSD vendors on the internet as a "brand" of LSD.

6) On October 11, 2016, at approximately 2:45 pm, Homeland Security Investigations (HSI) intercepted an international mail parcel shipped from Denmark, at the mail facility in Port Saint Lucie, Florida. The parcel was addressed to LeBowe LLC, 2447 SE Pascal Avenue Port Saint Lucie, Florida. A border search of the parcel, by HSI Agents, revealed a gift box containing skin oils and skin cream containers. Hidden inside one of the skin cream jars, concealed within the cream, were a folded piece of paper and a small clear ziplock baggie, both containing a gray coarse powder substance. At the time, HSI Agents estimated the gross weight of the substance and packaging to be approximately 7.94 grams.

7) The package listed the sender as J. Straw Toerdewskjoldsgade 33, 8200 Argius Denmark. The recipient was listed as LeBowe LLC, 2447 SE Pascal Avenue Port Saint Lucie, Florida 34952. There was a U.S. Postal Service tracking number assigned to the package was (RR150749505DK). Database queries, including Sunbiz, made by HSI Agents revealed that the company listed Ralph R. Sergo, as the manager of LeBowe LLC, with a mailing address and principal address of 2447 SE Pascal Avenue Port Saint Lucie, Florida 34952.

8) According to U.S. Postal Service records, tracking number RR150749505DK, assigned to the aforementioned package, was tracked via the U.S. Postal Service tracking website from Comcast Internet Protocol (IP) Address (2601:58b:4001:a6c0:5ce5:5ae0:9f4:ac22) once on September 22, 2016, and four times on September 23, 2016.

9) On September 26, 2016, in response to a subpoena Comcast reported that the subscriber for the internet service is Ralph SERGO, at 2447 SE Pascal Avenue Port Saint Lucie, Florida 34952.

10) The two packages, containing the gray coarse powder substance, were sent to the Customs and Border Protection (CBP) laboratory in Savanah Georgia for analysis. On December 12, 2016, HSI agents received the laboratory report, indicating that the gray coarse powder substance, contained in both packages, contained Lysergic Acid Diethylamide (LSD).

11) Florida Driver and Vehicle Information Database system indicated that Department of Motor Vehicle records indicate that Ralph Robert James Sergo, a white male, age 23, was issued a Florida driver's license, listing residential address of 2447 SE Pascal Avenue Port Saint Lucie, Florida 34952, with a 1991 Harley Davidson motorcycle, and a 2016 Honda van at the same address.

12) Surveillance conducted December 19, 2016 on 2447 SE Pascal Avenue Port Saint Lucie, Florida 34952, revealed a black Jeep SUV parked in the driveway, bearing Florida registration (DDZT87), which is registered to Jasmine Leilani SERGO, according to the Florida Driver and Vehicle Information Database system, at 2447 SE Pascal Avenue Port Saint Lucie, Florida 34952.

13) On January 6, 2017 I applied for and received a federal search warrant, approved by Chief United States Magistrate Frank J. Lynch, for the residence located at 2447 SE Pascal Avenue Port Saint Lucie, Florida 34952, including any curtilage. (Mag. Case No. 17-003- FJL)

14) On January 17, 2017, HSI Special Agents executed the aforementioned search warrant on the residence located at 2447 SE Pascal Avenue Port Saint Lucie, Florida 34952. Initially there was no one inside the residence when agents arrived.

15) During a search of the residence, agents located a small plastic bag, containing dark gray granular powder and two glass jars, containing a light gray colored powder. The dark gray powder in the plastic bag, and the light gray powder in the jars, all field tested positive for the presence of LSD.

16) In addition to the LSD, agents found paraphernalia, including sheets of paper with various designs, commonly known as "blotter paper". From my training and experience, drugs active in microgram range, most notably LSD, are commonly distributed for sale on "blotter paper." A liquid solution of the drug is applied to the "blotter paper," which commonly is perforated into tiny squares or "tabs" to facilitate individual dosing and artfully decorated with what is known as "blotter art." The artwork is printed onto "blotter paper," often with grid lines as part of the design, to aid in perforation or to be left as a cutting grid. "Blotter" is a delivery method which allows for easy dosing of potent substances and easy sublingual administration of drugs, like LSD. In addition to the "blotter paper," agents discovered shipping materials.

17) During the execution of the search warrant, SERGO arrived at the residence, driving his 2016 Honda van. At the time he was encounter by agents, SERGO was in possession of a loaded Smith and Wesson .38 caliber revolver, which was found on the driver's floorboard beneath SERGO. Inside the passenger compartment of the van, agents found a United States Postal Service shipping receipts, including one dated January 17, 2017, from the Stuart Florida Post Office, with tracking number CW911716555. US. Postal records indicate that the package was destined for Sonora, Mexico.

18) United States Postal Inspectors and HSI Special Agents went to the Post Office in Stuart, Florida and located the aforementioned outbound parcel, confirming that it was destined for Mexico. Agents conducted a border search of the outbound parcel and found that it contained an orange granular substance, which was field tested positive for the presence of LSD. The packaged weight of the substance was approximately 85 Grams.

19) SERGO was advised of his **Miranda** warnings, which he stated that he understood and waived. In the recorded statement, SERGO admitted that there were jars in the house that contained powder LSD and that it was for his personal use.

5

20) SERGO admitted that, earlier that morning, he had mailed a package to Mexico, containing " an Orange Dot" of LSD, from the Stuart Post Office.

21) When he was asked about the previously intercepted package containing LSD, SERGO admitted that there was a package from Denmark, that he had never received. SERGO stated that he didn't know how much "they" were sending and he hadn't paid for it yet. SERGO admitted that he has been doing this for three (3) or four (4) years, that he communicated with "them" on the internet, and does not know who "they" are. SERGO claimed that he only has ordered LSD on the internet and no other substances.

22) SERGO was in possession of an Apple I-phone which was seized and maintained as evidence pending an application for a search warrant.

23) Jasmine SERGO, Ralph SERGO'S wife, arrived with SERGO in the vehicle, with their infant. An Apple I-phone was located on her person, as well. Jasmine SERGO provided the password for the I-phone. Agents found an Apple laptop computer, inside of the residence, which was locked and running with encryption. HSI forensic agents soon determined that the I-phone was synced to the computer, after both were alerted at the same time, when a call or message was received. Both items were seized and maintained as evidence, pending an application for a search warrant on the I-phone. SERGO also advised that they use the Apple Mac Book for shipping and orders.

24) An ATF Special Agent has made a preliminary determination that the firearm, found in SERGO'S van, was not manufactured in the State of Florida and therefore had traveled in and affected interstate and/or foreign commerce.

25) Based on the foregoing facts, I believe there is probable cause to charge RALPH ROBERT JAMES SERGO with Attempted Importation and Attempted Distribution of Lysergic Acid Diethylamide, also known as "LSD", a Schedule I Controlled Substance, in violation of

Title 21, United States Code, Sections 952, 963, 841(a)(1), 846; and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c). FURTHER, YOUR AFFIANT SAYETH NAUGHT.

_____
James E. Macek
Special Agent
Homeland Security Investigations

Sworn and subscribed to before me this /1 day of January, 2017, at Fort Pierce, Florida

_____
FRANK J. LYNCH Jr.
Chief United States Magistrate Judge

7